WYNN, J., concurring:
I concur fully in the majority opinion.
I write separately to further explain why the "actual innocence" test proposed by the government-which the Supreme Court has directed courts to apply in determining whether a habeas petitioner may pursue a procedurally defaulted constitutional claim, see Bousley v. United States , 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ; Schlup v. Delo , 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) -does not apply in determining whether a petitioner is entitled to avail himself of 28 U.S.C. § 2255 's "savings clause" on grounds that a later-corrected error of statutory construction rendered "the conduct of which the prisoner was convicted ... not criminal." In re Jones , 226 F.3d 328, 333-34 (4th Cir. 2000) (en banc).
Under the Schlup / Bousley "actual innocence" test, Petitioner Marcus Hahn would have to show that "no reasonable juror would have found [him] guilty." 513 U.S. at 329, 115 S.Ct. 851. According to the government, the "actual innocence" test requires that a court review "all the evidence in the record as a whole"-even evidence that the jury did not necessarily credit in rendering its verdict, that was inadmissible at trial, or that became available only after trial-"and determine whether it is more likely than not that no reasonable juror would have found the defendant guilty beyond a reasonable doubt." Appellee's Br. at 37. The government maintains that Petitioner cannot meet this standard because firearms found in several locations in Petitioners' house constituted "independent" possessions-with firearms found in the ground floor of Petitioner's residence supporting his marijuana manufacturing offense and firearms found on the second floor of his home supporting his maintenance of a home for the purpose of marijuana manufacturing, distribution, and use offense. Appellee's Br. at 35-36. Significantly, the government never presented that theory in its indictment or to the jury.
Several compelling reasons support our conclusion that the actual innocence framework does not apply in determining whether a petitioner is entitled to pursue relief under the savings clause as a result of a statutory construction error. First, Jones -which established this Court's three-prong test for determining whether a petitioner may avail himself of the savings clause as a result of a later-corrected error in statutory construction-does not use the term "actual innocence," instead requiring a petitioner to show that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Jones , 226 F.3d at 333-34 (emphasis added). The plain meaning of the phrase "the conduct of which the prisoner was convicted" refers to the conduct that a jury found beyond *305 a reasonable doubt supported the prisoner's conviction. But, as explained above, under the actual innocence set forth in Schlup and further explicated in Bousley , a court assessing whether a petitioner is entitled to relief is not limited to the facts the government introduced at trial, let alone to those facts that the jury found beyond a reasonable doubt.
Notably, Jones focused not on whether a petitioner was "actually innocent," but whether a subsequent change in statutory construction amounted to a "fundamental defect" in the petitioner's prosecution. Id. at 332-33 & n.3 ; see also In re Davenport , 147 F.3d 605, 611 (7th Cir. 1998) (Posner, J.) ("A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." (emphasis added)). The Tenth Circuit's (originally) errant construction of the statute under Petitioner was convicted, 18 U.S.C. § 924(c)(1), amounts to a "fundamental defect" amenable correction through Section 2255 's savings clause because it deprived Petitioner of the chance to argue to the jury that the storage of the numerous guns in his house did not constitute independent possessions.
Second, this Court's holding in United States v. Wheeler , 886 F.3d 415 (4th Cir. 2018) -that a prisoner may avail himself of Section 2255 's savings clause if a retroactive change in the construction of a federal sentencing statute rendered the petitioner's sentence erroneous-runs contrary to an actual innocence requirement. In Wheeler , this Court rejected the district court's holding that Jones extended only to convictions tainted by statutory construction errors, and therefore not to sentences tainted by an error of statutory construction. 886 F.3d at 428. In reaching that conclusion, this Court emphasized that the Jones test explicitly applied to "fundamental defects" in "convictions and sentences. " Id. at 427 (quoting Jones , 226 F.3d at 332-33 & n.2 ). Wheeler 's holding that Jones extends to sentences-not just convictions-establishes that Jones does not require actual innocence. Indeed, the petitioner in Wheeler , who was originally convicted of conspiracy to possess with intent to distribute crack and powder cocaine, was not "actually innocent" of the offense-he in fact possessed the crack and powder-he just was subject to a incorrectly high mandatory minimum as a result of an error by this Court in construing the statute under which he was originally sentenced. Id. at 419-21. Applying the actual innocence standard to challenges to a conviction when we apply the fundamental defect standard in the sentencing context would create the odd result that a lower standard would apply in the context of sentencing challenges than conviction challenges.
Third, it makes no theoretical sense to extend the Schlup / Bousley actual innocence test to the savings clause context, at least in cases like the instant case in which the petitioner pressed his legal argument in his original proceedings. As explained above, the Schlup / Bousley actual innocence test applies when a prisoner procedurally defaulted the claim at issue. Typically, a federal prisoner seeks to rely on Schlup / Bousley actual innocence test when he cannot meet the "cause" and "prejudice" necessary to excuse the procedural default under Section 2255. For instance, the prisoner in Bousley , who had "pleaded guilty to 'using' a firearm in violation of 18 U.S.C. § 924(c)(1)," sought to void his plea on grounds that it was not knowing and voluntary after the Supreme Court clarified the definition of "using." 523 U.S. at 616, 118 S.Ct. 1604. The prisoner procedurally *306 defaulted the claim by failing to raise it in his direct appeal. Id. at 622, 118 S.Ct. 1604. The Court held that the prisoner could not establish "cause" for his procedural default because he could have raised the argument in his direct appeal but failed to do so. Id. at 622-23, 118 S.Ct. 1604.
By contrast, both before his original trial court and on direct appeal, Petitioner argued that the single indicted possession did not, as a matter of statutory construction, support his two Section 924(c)(1) convictions. The only reason that argument failed was because it was foreclosed by circuit precedent. Accordingly, at least when, as here, a petitioner does not procedurally default a claim, it is improper to subject that petitioner to a standard more onerous than the cause-and-prejudice standard applied in procedural default cases.
Finally, it is patently unfair to subject a petitioner to the onerous actual innocence standard when an appellate court's errant statutory construction foreclosed the petitioner from making a potentially meritorious argument to a jury or in a motion for acquittal. As the majority opinion explains, Petitioner repeatedly argued before his trial court and on direct appeal that the single indicted possession could not support two Section 824(c)(1) convictions. Under its actual innocence approach, the government theorizes that the jury could have found that firearms stored in different parts of the house constituted distinct possessions. But because circuit precedent foreclosed Petitioner's unit-of-prosecution argument-and, therefore, the government never needed to advance an independent possession argument to the jury-Petitioner was never given the opportunity to argue to the jury that all the firearms amounted to a single possession.
* * * * *
I further note that even if Schlup 's actual innocence standard applied-and, as explained above, this Court rightly holds that it does not-Petitioner would be entitled to relief because, as the majority opinion explains, his indictment alleges that a single possession supported both of his 924(c)(1)(A) convictions. In Bousley , the Supreme Court held that in determining whether a prisoner is "actually innocent," a court may not consider factual theories not alleged in a habeas petitioner's indictment or which, based on record evidence, the government elected not to charge in exchange for obtaining a guilty plea. 523 U.S. at 624, 118 S.Ct. 1604. The government in Bousley indicted and convicted the prisoner for "using" a firearm in violation of Section 924(c)(1). Id. After the Supreme Court issued a decision clarifying what constitutes "use" of a firearm for purposes of Section 924(c)(1), the prisoner sought relief under Section 2255(a) on grounds that his plea to "using" the firearm was not voluntary and knowing because he could not have known the correct meaning of "using," notwithstanding that he had procedurally defaulted that argument. Id. at 621, 118 S.Ct. 1604. The Court held that the prisoner could not establish the "cause" necessary to excuse his procedural default, and therefore that the prisoner could only obtain habeas relief through the actual innocence gateway. Id. at 622, 118 S.Ct. 1604. In doing so, the Court expressly rejected the government's argument that the prisoner "must demonstrate that he is actually innocent of both 'using' and 'carrying' a firearm in violation of § 924(c)(1)." Id. at 624, 118 S.Ct. 1604. The Court explained that the prisoner need not demonstrate that he was actually innocent of "carrying the firearm" because his "indictment charged him only with 'using' firearms" and "there [wa]s no record evidence that the Government elected not to *307 charge petitioner with 'carrying' a firearm in exchange for his plea of guilty." Id.
As in Bousley , Petitioner's indictment charged him only with a single possession-it did not allege that subsets of the uniform list of firearms set forth in each charge of the indictment constituted independent "possessions." Accordingly, any holding that a reasonable juror could have found that subsets of the firearms constituted distinct possessions would amount to an impermissible constructive amendment of the indictment. See Stirone v. United States , 361 U.S. 212, 215-16, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). ("[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.").